Citation Nr: 1448560 
Decision Date: 10/31/14 Archive Date: 11/05/14

DOCKET NO. 13-11 666 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office and Insurance Center in Philadelphia, Pennsylvania

THE ISSUE

Entitlement to special monthly pension.


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

K. Gielow, Counsel


INTRODUCTION

The Veteran served on active duty from October 1952 to September 1954.

This matter is on appeal to the Board of Veterans' Appeals (Board) from a September 2012 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Philadelphia, Pennsylvania, which granted entitlement to nonservice-connected pension but denied entitlement to special monthly pension.

This appeal was previously before the Board in September 2013, at which time the claim was remanded for additional development.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). 38 U.S.C.A. § 7107(a)(2) (West 2002).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

Although any additional delay is regrettable, a remand is again necessary in this case so that additional development may be undertaken in support of the Veteran's claim for special monthly pension.

According to the Board's September 2013 remand, the RO attempted to obtain Social Security Administration (SSA) records. However, the Board expressly stated that "[i]f such records are unavailable, the claims file should be clearly documented to that effect, and the Veteran must be notified of any inability to obtain these records in accordance with 38 C.F.R. § 3.159(e)." In this case, the RO received a negative response from SSA in January 2014, indicating that the "medical records have been destroyed." Although the February 2014 supplemental statement of the case mentioned the fact that the records were destroyed, this letter does not constitute adequate notice under 38 C.F.R. § 3.159(e). Significantly, 38 C.F.R. § 3.159(e) requires notice to the Veteran that contains the following information: "(i) The identity of the records VA was unable to obtain; (ii) An explanation of the efforts VA made to obtain the records; (iii) A description of any further action VA will take regarding the claim, including, but not limited to, notice that VA will decide the claim based on the evidence of record unless the claimant submits the records VA was unable to obtain; and (iv) A notice that the claimant is ultimately responsible for providing the evidence." The latter requirements have not been met in this case. Accordingly a remand is required to address this deficiency. See Stegall v. West, 11 Vet. App. 268 (1998) (holding where the remand orders of the Board are not fully implemented, the Board itself errs in failing to insure compliance).

The Veteran's representative also argued that the most recent January 2014 eye examination in this case is inadequate because it does not assess whether the Veteran has the concentric contraction of the visual field to 5 degrees or less, an element for higher pension payable at the aid and attendance level pursuant to 38 C.F.R. § 3.351(c)(1) (2014). After reviewing the medical evidence, including the examination report and the Veteran's recent VA treatment records, the Board finds that a new VA examination would indeed be helpful in assessing this element, especially because the January 2014 examiner did not answer the question of whether the Veteran has extremely poor vision or blindness of either eye or the question of whether the Veteran has legal (statutory) blindness based upon visual field loss. Accordingly, on remand, a new comprehensive VA examination of the eyes should be conducted that adequately addresses blindness and concentric contraction of the visual field. 

Accordingly, the case is REMANDED for the following actions:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. Send the Veteran a notice letter that advises him that SSA records are unavailable. Such notice must include (1) an explanation of the efforts VA made to obtain the SSA records; (2) a description of any further action VA will take regarding the claim, including, but not limited to, notice that VA will decide the claim based on the evidence of record unless the claimant submits the records VA was unable to obtain; and (3) notice that the claimant is ultimately responsible for providing the evidence. 

2. The Veteran should be scheduled for a new VA examination of the eyes. The entire claims file (i.e., both the paper claims file and relevant medical electronic records in VVA and VBMS) should be made available to and be reviewed by the clinician.

The examiner must comment on blindness and whether the Veteran has corrected visual acuity of 5/200 or less, in both eyes, and/or whether the Veteran has the concentric contraction of the visual field to 5 degrees or less.

All opinions provided must be thoroughly explained, and an adequate rationale for any conclusions reached must be provided. If any requested opinion cannot be provided without resorting to speculation, the examiner should so state and explain why an opinion cannot be provided without resorting to speculation. 

3. Thereafter, readjudicate the issue on appeal. If the benefit sought on appeal remains denied, the Veteran and his representative should be provided with a supplemental statement of the case and be afforded a reasonable opportunity to respond. The case should then be returned to the Board for further appellate review, if otherwise in order.

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the U.S. Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2013).



_________________________________________________
DEBORAH W. SINGLETON
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2013).